Brendan J. O'Rourke, Esq. (BO 2351)
Jenifer deWolf Paine (JP 9393)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

Attorneys for Plaintiff

JUDGE SULLIVAN

09 CV 1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE MCGRAW-HILL COMPANIES, INC. | |
| Plaintiff, | Case No. |
| v. | COMPLAINT FOR DECLARATORY RELIEF |
| FONIX CORPORATION | |
| Defendant. | |

RECEIVED FEB 17 2009 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill" or "Plaintiff"), by its attorneys, for its complaint against Defendant Fonix Corporation ("Fonix" or "Defendant"), states as follows:

**Nature Of The Claims**

1. Plaintiff seeks a declaratory judgment that Plaintiff's use of its iSPEAK trademark does not infringe or otherwise violate any of Defendant's purported trademark or other rights in its purported mark FONIX i·SPEAK, U.S. Trademark Reg. No. 2,602,189. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 et seq. (the Federal Trademark Act), and related state and common law sections related to trademark infringement, trademark dilution, unfair competition, and/or deceptive trade practices. This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has personal

jurisdiction over Defendant because (a) Defendant solicits, transacts, and is doing business within this district, and (b) the claims in this action arise out of such business in this district. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

2.  Defendant has created a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, Defendant has claimed in two threatening letters sent by Defendant's counsel to Plaintiff and Plaintiff's counsel that Plaintiff's iSPEAK trademark will create a likelihood of consumer confusion and that Plaintiff has committed trademark infringement, dilution, and unfair competition by using iSPEAK in connection with Plaintiff's digital foreign-language learning tool. Defendant threatened that it "will take all actions that are necessary to protect its valuable rights."

3.  Plaintiff's use of the mark iSPEAK has not and will not infringe or violate any of Defendant's trademark or other rights, and accordingly Plaintiff seeks a declaration that (a) Plaintiff's use of the iSPEAK trademark has not infringed or otherwise violated any of Defendant's federal, state, or common law rights, including but not limited to rights relating to trademark infringement, trademark dilution, unfair competition, or any other types of tortious activity; and (b) there is no likelihood of consumer confusion between Plaintiff's iSPEAK trademark as used in connection with Plaintiff's products and Defendant's FONIX i·SPEAK trademark as used in connection with Defendant's products.

## Parties

4.  Plaintiff McGraw-Hill is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, NY 10020.

5.  Upon information and belief, Defendant Fonix Corporation is a Delaware corporation with its principal place of business at 387 South 520 West, Suite 110, Lindon, UT 84042.

2

## Background Facts Common To All Claims For Relief

### Plaintiff's iSPEAK Product

6. Since approximately May of 2007, McGraw-Hill has been distributing and selling its iSPEAK product. iSPEAK is solely a foreign language learning tool that is essentially an audio-phrasebook. What makes iSPEAK different from traditional audio phrase books is that it is a collection of MP3 files that are played on the user's iPod, and while a particular phrase is being played the iPod displays the written words, so the user can see how the words are spelled in addition to hearing how they are pronounced.

7. McGraw-Hill's iSPEAK product is sold through retailers such as Amazon, Barnes & Noble, and through McGraw-Hill's own on-line store.

### Plaintiff's iSPEAK Trademark Filing

8. Plaintiff has applied for U.S. trademark Serial No. 77/623,610 for the mark iSPEAK. This application covers "computer software for foreign language instruction" and "series of books for foreign language instruction."

9. This application has been reviewed by the U.S. Patent and Trademark Office. Although currently the application is in suspension due to a third-party's pending application for iSPEAK IN A WEEK, the Trademark Office has not claimed that Plaintiff's iSPEAK trademark is confusingly similar to Defendant's Reg. No. 2,602,189.

### Defendant's FONIX i·SPEAK Product

10. Defendant's FONIX i·SPEAK product bears no relationship to foreign languages, and more specifically, foreign-language learning. In fact, due to the very nature of Defendant's FONIX i·SPEAK product, the mark is exclusively used in connection with the user's native language.

11. Defendant's trademark registration covers "speech synthesis computer software program that converts printed text into human speech."

12. Defendant's web site refers to its product as "a voice-activated user interface for the Apple iPhone" and advises consumers they can "Use your own voice to call contacts or dial a number."

13. Unlike Plaintiff's iSPEAK product, Defendant's FONIX i·SPEAK product has nothing to do with learning a foreign language.

14. The only thing that Plaintiff's product and Defendant's product have in common is that both can be included in the broad category of "computer software" and both are compatible with iPhones or iPods.

15. The products sold by the parties under their respective marks are not similar and are not sufficiently related to create any likelihood of confusion.

16. Defendants' mark FONIX i·SPEAK is significantly different from Plaintiff's iSPEAK mark. Notably, Defendant's mark contains the identifier FONIX – absent from Plaintiff's mark – which provides a clue about the nature of Defendant's product and differentiates it from Plaintiff's mark and Plaintiff's product.

17. The products sold by the parties under their respective marks are not similar and are not sufficiently related to create any likelihood of confusion.

18. In addition, Defendant's FONIX i·SPEAK is not famous, and certainly not famous enough to merit dilution protection.

**Defendant's Actions Have Created A Substantial Controversy, Between Parties Having Adverse Legal Interest, of Sufficient Immediacy and Reality to Warrant the Issuance of a Declaratory Judgment**

19. On October 24, 2008, counsel for Defendant sent a threatening letter to Plaintiff's Legal Department regarding Plaintiff's use of iSPEAK. See Exhibit A. Defendant's letter stated

4

"Your use of the phrase "iSpeak", without Fonix's consent, falsely suggests that your product is related to or authorized by Fonix. In addition, your use of the phrase "iSpeak" is likely to cause confusion, mistake and deception in violation of international and domestic laws of trademark infringement, dilution and unfair competition. These laws provide for injunctive relief as well as monetary damages." *Id.* at 1.

20. Defendant's October 24, 2008 letter concluded with the statement that "we demand that you promptly cease all use of the phrase "iSpeak" and that you take immediate steps to select a different, non-infringing slogan for your business and products . . . if we do not hear from you within 15 days after the date of this letter, Fonix will take such further steps as it deems necessary to protect its valuable rights." *See Id.* at 2.

21. Following receipt of this letter, Plaintiff investigated the situation and Plaintiff's counsel sent a detailed response to Defendant's counsel. *See* Exhibit B. In this letter, Plaintiff's counsel rejected Defendant's contention that Plaintiff's use of the iSPEAK trademark in connection with a foreign-language learning tool is likely to cause confusion with Defendant's use of the FONIX i·SPEAK designation in connection with speech-recognition software.

22. Despite the differences in the marks and consumers, and the entirely different nature of the products, Defendant sent a further letter dated December 10, 2008. *See* Exhibit C.

23. In Defendant's December 10, 2008 letter, Defendant's counsel stated that he "continue[d] to believe that your client's use of the phrase "iSpeak" infringes on Fonix's intellectual property rights . . . I hope you will consider this issue carefully before your client continues its infringing use of Fonix's mark." *See Id.* at 1.

24. Defendant's concluded the December 10, 2008 letter by stating ". . . we respectfully demand that McGraw-Hill cease all use of the phrase "iSpeak" and that it take immediate steps to select a different, non-infringing mark . . . If your client continues to insist on using the phrase

5

"iSpeak" in connection with its business and products, Fonix will take all actions that are necessary to protect its valuable rights." *See Id.* at 2.

Defendant's repeated claims of infringement and threats to "take all actions that are necessary" have created a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding Plaintiff's use of the iSPEAK trademark. Plaintiff seeks through judicial intervention to remove the cloud that Defendant has cast over the iSPEAK trademark.

### There Is No Likelihood Of Confusion Between Plaintiff's iSPEAK And Defendant's FONIX i·SPEAK

25.     For many reasons, no likelihood of confusion has been or will be created by Plaintiff's use of the mark iSPEAK in connection with foreign-language learning products.

26.     As discussed above, Defendant's FONIX i·SPEAK mark is noticeably and materially different from Plaintiff's iSPEAK mark.

27.     Not only are the parties' trademarks not confusingly similar, the parties' covered products are not related or confusingly similar either. The parties market their products to entirely different groups of consumers: in the case of Plaintiff, consumers looking to learn a foreign language; and in the case of Defendant, consumers looking to control their phones in their native language with voice-activated commands.

28.     On information and belief, there have been no instances of actual confusion among third-parties in connection with Plaintiff's use of the iSPEAK trademark, despite co-existence for approximately 21 months. Plaintiff is not aware of any correspondence, inquiries, or other communications of any kind that indicate that any third-party has believed that Plaintiff or its iSPEAK product is in any way affiliated with, sponsored by, or otherwise connected with Defendant or the FONIX i·SPEAK product.

29. For all of these reasons, no likelihood of confusion exists due to Plaintiff's use of the iSPEAK trademark.

### Count I
### Declaration Of Non-Infringement

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. The actual case and controversy that currently exists between Plaintiff and Defendant relates directly to whether Plaintiff's use of the iSPEAK trademark infringes Defendant's FONIX i·SPEAK trademark. This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. Plaintiff has not infringed and is not infringing Defendant's FONIX i·SPEAK trademark.

33. Accordingly, Plaintiff is entitled to a judicial declaration that (a) Plaintiff has not infringed or violated any federal, state, or common law trademark right of Defendant, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125; (b) Plaintiff's iSPEAK trademark is not confusingly similar to Defendant's FONIX i·SPEAK trademark; and (c) there is no likelihood of consumer confusion between Plaintiff's iSPEAK trademark as used in connection with Plaintiff's products and Defendant's FONIX i·SPEAK trademark as used in connection with Defendant's products.

### Count II
### Declaration Of No Trademark Dilution

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35.     The actual case and controversy that currently exists between Plaintiff and Defendant relate directly to whether Plaintiff is actually diluting or likely to dilute Defendant's FONIX i·SPEAK trademark. This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

36.     Plaintiff has not actually diluted, is not actually diluting, and is not likely to dilute Defendant's trademark.

37.     Accordingly, Plaintiff is entitled to a judicial declaration that Plaintiff has not violated any federal, state, or common law trademark dilution right of Defendant, including but not limited to under 15 U.S.C. § 1125, and including but not limited to under blurring and tarnishment theories.

**Count III**
**Declaration Of No Unfair Competition Or Other Tortious Activity**
**In Violation Of Any Federal, State, Or Common Law**

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39.     The actual case and controversy that currently exist between Plaintiff and Defendant extends to whether Plaintiff has unfairly competed with Defendant or committed any other business torts. Defendant's October 24, 2008 letter to Plaintiff expressly alleged that Plaintiff's use of the iSPEAK mark constituted unfair competition. *See* Exhibit A at 1. This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40.     Plaintiff has not and is not competing unfairly with Defendant.

41.     Accordingly, Plaintiff is entitled to a judicial declaration that Plaintiff has not competed unfairly with Defendant in violation of any federal, state, or common law.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment for Plaintiff and against Defendant as follows:

A.   Declaring that Plaintiff has not infringed and is not infringing any federal, state, or common law trademark right of Defendant, including but not limited to rights arising under 15 U.S.C. §§ 1114 and 1125;

B.   Declaring that Plaintiff's iSPEAK trademark is not confusingly similar to Defendant's FONIX i·SPEAK trademark;

C.   Declaring that there is no likelihood of consumer confusion between Plaintiff's iSPEAK trademark as used in connection with Plaintiff's products and Defendant's FONIX i·SPEAK trademark as used in connection with Defendant's products;

D.   Declaring that Plaintiff has not violated and is not actually or likely to violate any federal, state, or common law trademark dilution right of Defendant, including but not limited to under 15 U.S.C. § 1125, and including but not limited to blurring and tarnishment theories;

E.   Declaring that Plaintiff has not and is not competing unfairly with Defendant, and has not and is not committing any other type of tortious activity in violation of federal, state, or common law;

F.   Permanently enjoining Defendant from taking any action against Plaintiff that arises out of Plaintiff's use of the iSPEAK trademark;

G.   Awarding Plaintiff its reasonable attorneys' fees and costs of suit; and

H.  Granting Plaintiff such other and further relief, in law and/or in equity, as the Court deems just and proper.

Dated: February 17, 2009

*(signature)*
Brendan J. O'Rourke
Jenifer deWolf Paine
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900